(No. 94-CC-1158—

MARVIN A. BRUSTIN, LTD., CLAIMANT, v.
THE STATE OF ILLINOIS, Respondent.

*Order filed December 26, 1997.*

*Order on petition for rehearing filed April 6, 1998.*

MARVIN A. BRUSTIN, LTD., *pro se*, for Claimant.

JAMES E. RYAN, Attorney General (MICHAEL F. ROCKS, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss and the Claimant's motion for leave to file an amended complaint, the Court being fully advised in the premises, the Court finds:

1. This is a contract action against the Regional Board of School Trustees of Cook County, Illinois, for payment for legal services performed by Claimant.

2. The Regional Board has been statutorily abolished, and no longer exists. At the time that it existed, it was not an agency of the State of Illinois, and the State is not liable for its debts.

3. Claimant's proffered amended complaint is of no aid to Claimant since the Regional Board is not a State agency, and this claim is not within the jurisdiction of the Court of Claims.

It is therefore ordered:

A. The Claimant's motion for leave to file an amended complaint is denied.

B. The Respondent's motion to dismiss is granted, and this claim is dismissed and forever barred.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Claimant's petition for rehearing, the Court being fully advised in the premises, the Court finds:

On December 26, 1997, we dismissed Claimant's claim. Claimant misapprehends the basis of our order. While we noted that the Regional Board of School Trustees of Cook County had been abolished by the General Assembly, the abolishment of the Board was not the basis of the dismissal. The basis of the dismissal was that "[a]t the time that it existed, it was not an agency of the State of Illinois, and the State is not liable for its debts." Order of December 26, page 1.

Claimant maintains that the Board is an agency of the State since it was created by the legislature, and that cases have held that the changing of school boundaries by county boards of school trustees "is a legislative act, and that in performing this function the County Board of School Trustees is acting as an agent of the legislature." Petitioner's Petition for Rehearing, page 2.

Many instrumentalities of government are created by the legislature including municipalities, school districts,

338

the Illinois Sports Facilities Authority, the Illinois Housing Development Authority, and others. But the fact that they are created by the legislature does not make them agencies of the State. The Regional Board of School Trustees of Cook County was never an agency of the State of Illinois.

We have no jurisdiction of this claim. It is therefore ordered that the Claimant's petition for rehearing is denied.